**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4270**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANDRICK KENTAY JOHNSON,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge.  (5:12-cr-00396-F-1)

_____

Submitted:  November 20, 2014      Decided:  November 24, 2014

_____

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrick Kentay Johnson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 115 months of imprisonment. On appeal, Johnson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court procedurally erred because it did not adequately address Johnson's non-frivolous arguments in support of a lower sentence. The Government has filed a motion to dismiss the appeal. For the reasons that follow, we dismiss in part, and affirm in part.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We generally will enforce a waiver if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Our review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing leads us to conclude that Johnson knowingly and voluntarily waived his right to appeal his sentence, except for any sentence in excess of the

2

applicable advisory range that is established at sentencing. Here, Johnson's 115-month sentence was within the middle of advisory Sentencing Guidelines range established at his sentencing hearing. Because the Government seeks to enforce this valid waiver, the waiver was reviewed at Johnson's plea hearing, the plea hearing was conducted in compliance with Fed. R. Crim. P. 11, and Johnson's sentence is clearly within the waiver's scope, we grant the motion to dismiss in part, dismissing the appeal of Johnson's sentence.

We have reviewed Johnson's remaining pro se claims and the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver. Finally, we decline to reach Johnson's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should

3

be raised, if at all, in a § 2255 motion. Accordingly, we affirm Johnson's conviction.

This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4